PER CURIAM.
In this workers’ compensation appeal, Claimant, Carol Eaton, argues that the Judge of Compensation Claims (JCC) incorrectly calculated her average weekly wage (AWW) based on the amount she was paid instead of the amount she earned. We agree and, therefore, reverse and remand.
Claimant, a school teacher, injured her low back on June 11, 2003, while packing *1076 and moving boxes of textbooks. The parties stipulated to the compensability of the injury. For the 2002-2003 school year, Claimant entered into a written contract with the Pinellas County School Board (School Board) for a salary of $31,400.00. Although Claimant’s contract was for ten months, she signed an “option agreement,” which spread payment of her wages over twelve months.
The employer/carrier asserted below that Claimant’s AWW was $599.24, the weekly amount she was paid in the thirteen weeks preceding her workplace accident. Claimant asserted that her AWW was $740.57, the weekly amount she earned in the thirteen weeks preceding her workplace accident. The JCC found that Claimant’s position was similar to that of a seasonal employee whose AWW is calculated on a fifty-two-week average and that using the higher amount would result in Claimant receiving a windfall. The JCC concluded that Claimant’s AWW should be based on the contract with the option agreement; i.e., $599.24 per week, basing the AWW on the amount Claimant was paid rather than the amount she earned. This appeal followed.
We review the JCC’s interpretation and application of the law de novo. See Stubbs v. Bob Dale Constr., 977 So.2d 718, 719 (Fla. 1st DCA 2008). The JCC applied section 440.14(l)(a), Florida Statutes, to calculate Claimant’s AWW. However, the statute plainly and unambiguously provides that the AWW “shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.” § 440.14(l)(a), Fla. Stat. (2002) (emphasis provided); see also Witzky v. W. Coast Duplicating & Claims Ctr., 503 So.2d 1327, 1328 (Fla. 1st DCA 1987) (noting that section 440.14(l)(a) speaks in terms of wages earned by the claimant, not the amount of money paid to the claimant). Claimant earned $740.57 per week during the thirteen-week period preceding her accident, regardless of when she chose to receive the money she earned. As such, she is entitled to an AWW calculation based on this amount.
Accordingly, we REVERSE the JCC’s order as to the AWW calculation and REMAND for proceedings consistent with this opinion.
WOLF, DAVIS, and ROBERTS, JJ., concur.